Allen, J.
When the issue was made up in this cause, the parties agreed that the defendants and the plaintiff might give in evidence any matter which could have been specially pleaded or replied according to law. On the trial the Court instructed the jury, that if they were satisfied the plaintiff had performed that part of the agreement which related to the land, the stipulations became mutual and independent, enabling the plaintiff to recover against the defendants for failing to make the staves, without shewing he had sawed the timber. That for his failure he was liable to the action of the defendants for any damages they had sustained, but that such damages could not be allowed in this action. I think there was no error in the first part of this instruction. Covenants and agreements are construed according to the intention of the parties, and the good sense of the case. Though in form they may be dependent, yet to prevent injustice they are treated as independent. Boone v. Eyre, 1 H. Black. 273; Bream v. Marsh, 4 Leigh 21.
If this agreement were construed as dependent, the plaintiff will have lost his property without receiving any compensation. The defendants agreed to perform the work by a certain time. They could not be considered as undertaking to perform it at any subsequent period during their lives, however inconvenient it might be to do so. If the plaintiff sued, he would be compelled to aver and prove a performance on his part, to *170 entitle himself to a recovery; and the time having passed within which the agreements on the one part and the other, were to be complied with, he could not sustain his action. These considerations have induced Courts so to construe agreements, as to prevent a failure of justice; to hold them to be independent, when the necessity of the case, and the ends of justice require it, notwithstanding the form. But the principle which has led to this construction, implies, that it should be in subordination to the just rights of the other party. The plaintiff is in justice entitled to so much as may be due, after allowing for all deductions growing out of his own failure to comply with his engagements. Otherwise an inducement is held out to violate his own engagements. As in the present case, it is possible that the price asked and given for the land, may have been most materially affected by the mode of payment. It would be unjust, under such circumstances, to permit a party, by his own act, to prevent a literal performance, and then recover the nominal price, though it might greatly exceed the cash value of the property. As his action is to be sustained to effectuate the ends of justice, his claim must be held as being modified by the just demands of the other side, growing out of the circumstances of the case, and arising from his own neglect or failure. The effect of these considerations in reducing the amount of his claim, is a question for the jury to determine. It seems to me, therefore, there would have been no necessity for a special plea to let in evidence of the plaintiff’s failure, and all the circumstances of the transaction, to enable the jury to determine what in justice he should recover.
But on the agreement of the parties here, there can be no doubt that the defendants could have relied upon this matter by a special plea under our statute.
I think, therefore, the instruction was erroneous in holding that the defendants could not be allowed in this *171 action, under the pleadings and agreement aforesaid, the damages sustained by them, if any, by reason of the alleged failure of the plaintiff to comply with the agreement on his part.
The other Judges concurred.
The judgment reversed, verdict set aside, and cause remanded for a new trial.