(No. 2035. January 14, 1918.)

## GLASER v. DANNELLEY.

### SYLLABUS BY THE COURT.

Where a contract contains mutual promises to pay money or perform some other act, and the time for performance for one party is to, or may, arrive before the time for performance by the other, the latter promise is an independent obligation, and non-performance thereof merely raises a cause of action in the promisee, and does not defeat the right of the party making it to recover for a breach of the promise made to him. Contract construed, and agreement held to be independent.

Appeal from District Court, Curry County; Richardson, Judge.

Equitable action by B. G. Glaser against Wm. U. Dannelley. Judgment for plaintiff, and defendant appeals. Affirmed.

Patton & Bratton, of Clovis, and Harry S. Bowman, of Santa Fe, for appellant.

Conditions in contract were dependent and concurrent and must have been performed by appellee before bringing suit. 3 Elliott on Conts. Sec. 2045; 2 Elliott on Conts, Sec. 1547, 2047; Ink v. Rohrig, 122 N. W. 594; 9 Cyc. 643; Appleton v. Chase, 19 Me. 74; Shinn v. Roberts (N. J.), 1 Spencer 435; 43 Am. eDc. 636; McCoy's Adm'rs. v. Bixbee's Adm'rs., 6 O. 610; 27 Am. Dec. 258; Raudabaugh v. Hart, 61 O. St. 73; 76 Am. St. Rep. 361; Pearce v. Alward, 163 Mich. 313; 128 N. W. 210; World's Fair Mining Co. v. Powers, et al., 12 Ariz. 285; 100 Pac. 957; Los Angeles Gas & Electric Corp. v. Amalgamated Oil Co., 168 Cal. 140; 142 Pac. 46; Woodruff v. Exchange Realty Co., 21 Cal. App. 607; 132 Pac. 598; Winfield Water Co. v. City of Winfield, 51 Kan. 104; 33 Pac. 714.

Rowells & Reese, of Clovis, for appellee.

Contract contained no dependent and concurrent provisions. 6 R. C. L. 248; Todd v. Summers, 44 Am. Dec. 379; 9 Cyc. 645.

Court should adopt construction given contract by parties. Fraser v. Bank, 18 N. M. 340, 137 Pac. 592; State ex rel, de Burg v. Water Supply Co., 19 N. M. 36, 40, 140 Pac. 1059; Rice et al. v. McCague, 86 N. W. 486; 6 R. C. L. Contracts, Sec. 241, p. 852, and authorities cited.

OPINION OF THE COURT.

ROBERTS, J.   This is an equitable action brought by the appellee, B. G. Glaser, to cancel a contract entered into between himself and the appellant, Wm. U. Dannelley, and to compel the restitution by the said Dannelley of the sum of $500, paid by Glaser to Dannelley to apply in part payment for the purchase of a 40-acre tract of land located in Curry county, N. M., and for the re-delivery to Glaser of a note for $500, given in payment of the balance due upon the purchase price of the said lands, and for $700 damages claimed to have been suffered by the appellee. The case was tried to the court without a jury, special in-

terrogatories of fact and law were propounded to the court, and judgment was entered by the court against the appellant, decreeing that the said contract be cancelled, that the sum of $500 paid by the appellee to the appellant be returned, together with the said note above mentioned. The court found that no damages were due the plaintiff.

At the time of the making of the contract hereinafter referred to, appellant was the owner of the real estate therein contracted to be sold to appellee. The principal part of the negotiations, leading up to the making of the contract were conducted, on behalf of the appellant, by agents employed by him to sell the land referred to. Appellant lived near the land and was well acquainted with the people living and owning land in the vicinity of the tract contracted to be sold. Appellee was a stranger living in an adjoining state. He desired the land and the leases in question for a cattle range. The agreement, reduced to writing, was as follows:

"Know All Men by These Presents, that this contract and agreement, made and entered in this the 18th day of August, 1915, by and between Wm. U. Dannelley, of Curry county, New Mexico, party of the first part, and B. G. Glaser, of Lubbock county, Texas, party of the second part, witnesseth: That for and in consideration of the sum of one thousand and no-100 dollars, to be paid by the said second party to said first party as hereinafter specified and set forth, and the performance of the other covenants and conditions hereinafter mentioned by said first party, the said party of the first part has this day sold to second party the following described property, lying, situate, and being in Curry county, New Mexico, to-wit: The N. W. ¼ of theS. W. ¼ section 27, township 4 north, range 35 east N. M. P. M., containing 40 acres of land, more or less, as the case may be, together with four miles of three-wire fence, and one-half mile of one-wire fence, posts on said four-mile to go with wire. The said first party further covenants and agrees to obtain for the said second party a three-section lease on land in the vicinity of said 40 acres, these leases to be for one year from January 1, 1916, the said second party to pay for said leases; and it is further agreed that said second party will deposit with this contract in the First National Bank of Clovis, N. M., as first payment on said property above described, the sum of five hundred dollars, same to be turned over to said first party by said bank when the said first party deposits in said bank a good and sufficient warranty deed and abstract of title to said forty acres of land above

described. Said second party also to deposit herewith his certain promissory note for the sum of five hundred dollars, payable to said first party and to bear interest from date at the rate of eight per cent. per annum and due twelve months after date.

"It is further agreed by and between the parties hereto that time is of the essence of this contract, and that a failure or refusal to comply therewith by either of said parties will at the option of the other party mature the entire contract. And it is further agreed that upon the payment of said note above described the said bank is to deliver to said second party said deed and abstract above mentioned."

The first payment of $500 was made direct to appellant; the note was executed and deposited with the bank, and likewise the warranty deed, as required by the contract. Appellant failed to tender the leases provided for to appellee by the 1st of January, 1916, and on the 5th day of that month appellee notified appellant in writing that, because of his failure to so tender such leases, he elected to treat such contract as at an end, and demanded the return of the sum of $500 so paid by him. Thereafter appellant tendered leases, and some question is made as to land covered by them; but the view we take of the case makes such' question of no moment, as it has no place in the case, if the covenant on the part of appellant to procure such leases was independent of the agreement on the part of appellee to pay for the same. In other words, if the payment by appellee of the rentals for the leased lands was not a condition precedent to their procurement and delivery by appellant, clearly the judgment of the district court must be affirmed, regardless of the merits of the other questions presented, for it is conceded that appellant did not tender performance of this part of the contract within the time stipulated, and time was made the essence of the contract.

In this case the point arose in this manner: At the close of plaintiff's case, defendant interposed a motion for a verdict upon two grounds: (1) That the complaint did not show that the plaintiff (appellee) had performed, or offered to perform, the conditions in the contract upon which was dependent the procuring of the leases by the appellant; and (2) that the

complaint contained no allegation, and there was no proof, to the effect that appellant renounced or repudiated the contract or the terms thereof. It is the contention of the appellant that the written contract between the plaintiff and the defendant imposed upon the plaintiff the performance of certain conditions which were concurrent and dependent, and which, therefore, required from the plaintiff performance thereof, or a tender of performance, before an action would lie upon the contract. The condition in question is involved in that part of the contract which provides:

"'The said first party further covenants and agrees to obtain for the said second party a three-section lease on land in the vicinity of said 40 acres, these leases to be for one year from January 1, 1916, the said second party to pay for said leases."

If the appellant is correct in this contention, clearly the court was in error in not sustaining his motion, for neither the complaint nor the proof showed a tender of the lease money by appellee. If the acts to be performed by the parties to this contract relative to the leased lands are dependent and concurrent, neither party would be entitled to an action against the other without the averment of performance or the tender of performance on his part. If, however, the procuring of the leases is a condition precedent to the appellee's covenant to pay the rentals of the leased lands, then he is entitled to maintain his action for rescission of the contract, because of the failure of appellant to perform within the time stipulated time having been made of the essence of the contract. This, on the assumption that the action for rescission would lie for this breach, which was not questioned by appellant in the court below, if the covenant is independent.

In Loud v. Pomona L. & W. Co., 153 U. S. 564, 14 Sup. Ct. 928, 38 L. Ed. 822, the Supreme Court of the United States discusses at great length the question of dependent and independent covenants. It said:

"The question whether covenants are dependent or independent must be determined in each case upon the proper

construction to be placed on the language employed by the parties to express their agreement. If the language is clear and unambiguous, it must be taken according to its plain meaning as expressive of the intention of the parties, and under settled principles of judicial decision should not be controlled by the supposed inconvenience or hardship that may follow such construction. If parties think proper, they may agree that the right of one to maintain an action against another shall be conditional or dependent upon the plaintiff's performance of covenants entered into on his part. On the other hand, they may agree that the performance by one shall be a condition precedent to the performance by the other. The question in each case is: Which intent is disclosed by the language employed in the contract?"

In the learned note of Serjeant Williams to the early case of Pordage v. Cole, 1 Saund. 320, it is said that:

"If a day be appointed for payment of money, or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the money, or other act, is to be performed, an action may be brought for the money, or for not doing such other act before performance; for it appears the party relies upon his remedy, and did not intend to make the performance a condition precedent; and so it is where no time is fixed for performance of that which is the consideration of the money or other act."

In 6 R. C. L. p. 860, the rule is stated as follows:

"Almost all the old cases and many of the modern ones on this subject are decided upon distinctions so nice and technical that it is very difficult, if not impractical, to deduce from them any certain rule as to what agreements are independent or dependent. The judges in these cases seem to have founded their construction on artificial and subtle distinctions, without regarding the intention and meaning of the parties or the good sense of the case. But the modern rule is that stipulations are to be construed to be dependent or independent, according to the intention of the parties and the good sense of the case."

See, also, Todd v. Summers, 2 Grat. (43 Va.) 167, 44 Am. Dec. 379.

In 2 Elliott on Contracts, § 1547, the author says:

"Where a contract contains mutual promises to pay money or perform some other act, and the time for performance by one party is to, or may, arrive before the time for performance by the other, the latter promise is an independent obligation, and non-performance thereof merely raises a cause of action in the promisee, and does not defeat the right of the party making it to recover for a breach of the promise made to him."

Hence the question to be determined is whether appellant was required to perform, viz. secure the leases, before appellee was to pay the money for the same. At the time the contract was entered into, so far as the record here discloses, the parties did not know what the rental price for the lands would be. Appellant was to procure them, because he was well known in the community, and it was thought he would be able to get them at a less price than could appellee. The time within which they were to be procured was stipulated. The contract was silent as to whether the rent money should be paid to appellant, or direct to the owners of the land. In advance of the procuring of the leases appellee could not well tender performance, because he would not know the amount he would be required to pay. We believe the covenants were independent, and so construe the contract; hence it follows that the court properly overruled the motion.

The judgment will be affirmed;and it is so ordered.

HANNA, C. J,. and PARKER, J., concur.