240 P.2d 226

**ANDERSON v. CITY OF TUCUMCARI.**

**No. 5382.**

Supreme Court of New Mexico.

Jan. 18, 1952.

Motion for Leave to File Rehearing Denied Feb. 13, 1952.

J. V. Gallegos, Tucumcari, C. Vance Mauney, City Atty., Thomas G. Cornish, Ass't City Atty. Albuquerque, amicus curiae, for appellant.

F. L. Nohl, Albuquerque, for appellee.

**PER CURIAM.**

Upon consideration of motion for rehearing, the former opinion is withdrawn and the following substituted therefor:

**COORS, Justice.**

The plaintiff-appellee filed suit against defendant-appellant on one hundred paving bonds in the principal sum of $500 each, all bearing interest at the rate of 6% per annum from date until paid, evidenced by interest coupons attached. The plaintiff's complaint is in the form of and contains the allegations ordinarily found in a complaint in an action to recover on a promissory note or bond which contains an unconditional promise to pay a certain sum at a definite time. It alleges that the defendant caused to be issued certain interest-bearing paving bonds, all alike except that each one has a different serial number, and that a copy of one of such bonds was attached to the complaint and made a part thereof; that plaintiff is the owner and holder of one hundred of such bonds described by giving their numbers, the lowest numbered bond owned by plaintiff being No. B 170; that the bonds became due and payable August 1, 1948, which was twenty-one years after their date; that interest on part of such bonds was paid to August 1, 1944 and on the remainder to February 1, 1945; that payment of said bonds and the delinquent interest has been demanded and that defendant has wholly failed and refused to make such payment. Plaintiff prays judgment against defendant in the sum of $60,800.

An examination of the copy of bond attached and made a part of the complaint

discloses that upon its face it contains the following important and significant provisions:

"This bond is issued in exchange for a like amount of assignable certificates representing the cost of paving and improving certain streets and alleys in said city, in full conformity with the constitution and laws of the State of New Mexico and the ordinances and resolutions of said city duly adopted and approved prior to the issue hereof.

"The bond is payable solely out of a special fund designated the Tucumcari Paving Fund, containing the receipts derived by the City from special assessments levied to pay for said improvements. And it is hereby certified and recited that for the payment of this bond the City of Tucumcari assumes no obligation whatsoever, except for the creation of said Paving Fund, the collection and enforcement of all special assessments levied to pay for said improvements, the deposit in said fund of all receipts derived from said special assessments, and the payment of this bond out of such receipts in the manner provided by the Ordinance under which this bond is issued. * * * "

██ The bonds sued on contain no unconditional promise to pay any certain sums. They do not constitute a general obligation of the defendant city. The bonds were payable solely out of a special paving fund containing whatever receipts were derived from special paving assessments if and when there was money in such fund to pay plaintiff's bonds in their proper order after payment of the bonds having a lower serial number. The complaint contains no allegations whatsoever showing any breach of contract or breach of trust by the defendant city and no allegations of damages caused to plaintiff by any breach of contract or breach of trust by defendant. The complaint wholly fails to state facts sufficient to constitute a cause of action of any nature against the defendant city.

The answer filed by defendant contained two defenses: first, it denied each and every allegation of plaintiff's complaint and, second, in the nature of a general demurrer, it alleged the "complaint does not state a cause of action against defendant and that plaintiff wholly failed to show in her complaint any liability on the part of defendant on the paving bonds mentioned or that defendant ever agreed to pay the amount of said bonds or ever became indebted to the plaintiff by reason of said bonds or in any other manner and that if plaintiff holds any paving bonds the paving assessments or liens are plaintiff's only recourse for the payment of said paving bonds and that plaintiff's complaint should be dismissed."

The plaintiff thereafter filed a request to require defendant to admit various facts set forth by plaintiff. A reading of these

facts clearly shows plaintiff's intention was to have defendant admit it was guilty of what plaintiff considered were breaches of contract and breaches of trust in connection with what the defendant did and did not do, such as its failure to enforce and collect paving assessments, failure to file suits and failure to prosecute suits filed to enforce paving assessments, its paying of 18 bonds of $500 each out of numerical order and the diversion of $400 to $500 from the paving fund of this district to pay bonds in a small amount in another.

The defendant filed a statement in response to the request for admission of facts and simultaneously filed a "Motion to Suppress Request for Admission of Facts and to Strike Answers" for the reason that plaintiff's requests were not relevant to the issues in the case and that plaintiff's pleadings do not allege or mention any matters concerning Requests VI, VII, VIII and IX, which refer to claimed breaches of contract and breaches of trust by defendant.

The District Judge proceeded to try the case and rendered judgment against defendant, ignoring completely defendant's second defense contained in the answer, which was in the nature of a general demurrer to the complaint, and likewise ignored defendant's motion to suppress request for admission of facts and to strike answers.

The action of the court was clearly erroneous. Plaintiff's complaint should have been dismissed as sought in defendant's second defense of its answer.

This decision upon the pleadings being sufficient to completely dispose of the appeal, it is unnecessary to discuss further questions presented by the parties.

The judgment is reversed and the cause is remanded to the District Court with instructions to re-instate the cause, set aside the judgment and enter judgment in favor of defendant.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.