270 P.2d 987

**ANDERSON**

v.

**CITY OF TUCUMCARI.**

No. 5678.

Supreme Court of New Mexico.

May 21, 1954.

Fred L. Nohl, Albuquerque, Rowley, Breen & Bowen, Tucumcari, for appellant.

J. V. Gallegos, Tucumcari, for appellee.

SADLER, Justice.

The plaintiff as appellant before this Court seeks the review of a judgment dismissing on motion of defendant her first amended complaint filed in this cause, bearing docket No. 9032 on the civil docket of the district court of Quay County, New Mexico, following entry of judgment in defendant's favor pursuant to mandate upon reversal by us of judgment in plaintiff's favor in an appeal prosecuted to this Court from such judgment.

The plaintiff sought recovery in the suit mentioned of the sum of $60,800 on certain paving bonds of which she claimed to be the owner and having prevailed below, the judgment was brought before this Court for review by appeal. In due course, following consideration of the appeal here, the judgment entered by the lower court in that case was reversed and the cause remanded, 56 N.M. 86, 240 P.2d 226, followed by mandate reading, as follows:

"The State of New Mexico to the District Court sitting within and for the County of Quay, Greeting:

"Whereas, in a certain cause lately pending before you, numbered 9032 on your civil docket, wherein Gladys Olds Anderson was plaintiff, and City of Tucumcari, New Mexico, a Municipal Corporation, was defendant, by your consideration in that behalf judgment was entered against said defendant; and

"Whereas, said cause and judgment were afterwards brought into our Supreme Court for review by defendant by appeal, whereupon such proceedings were had that on September 24, 1951, and January 18, 1952, opinions were handed down and the judgment of said Supreme Court was entered reversing your judgment aforesaid and remanding said cause to you;

"Now, Therefore, this cause is hereby remanded to you with instructions to reinstate the cause on your docket, set aside your judgment and enter judgment in favor of the defendant."

The foregoing mandate having been received by the district court, it entered a judgment thereon, as follows:

"The above cause having been appealed from final judgment therein entered to the Supreme Court of the State of New Mexico, said judgment having been reversed by said Supreme Court and remanded to this Court with instructions to reinstate the case, set aside the judgment of the District

Court and enter judgment in favor of the Defendant.

"The costs incurred by the Defendant on its appeal amount to $214.35 which are taxed and to be paid by the Plaintiff.

"It Is Therefore Ordered and Decreed by the Court that the above cause is hereby reinstated, the judgment of the District Court heretofore entered in favor of the Plaintiff and against the Defendant is set aside and judgment is entered in favor of the Defendant, and the Plaintiff is ordered to pay Defendant's costs of appeal in the sum of $214.35 and that execution or any other proper process may issue to enforce the collection of said costs."

Thereupon, and about six weeks later, the plaintiff filed in the district court in the same cause her first amended complaint seeking recovery on account of the identical bonds sued upon in her original complaint in the total sum of $60,800, together with interest at 6 per cent. from August 1st, 1948. In due season, thereafter, the defendant filed in the cause its motion to dismiss reading, as follows:

"Comes now the Defendant and moves the Court that the above action be dismissed and for grounds states:

"That Plaintiff's First Amended Complaint does not state a cause of action against the Defendant, that the Plaintiff has wholly failed to show in her Complaint any liability on the part of the Defendant or that Defendant ever agreed to pay the amount of the bonds or ever became indebted to the Plaintiff by reason of said bonds or in any other manner.

"That the above cause was heretofore tried in the District Court of Quay County, New Mexico and from a decision of said Court the case was appealed to the Supreme Court of New Mexico which reversed the decision of the District Court and the case is res adjudicata and the Court has no jurisdiction to entertain or consider any complaint or the first amended complaint of the Plaintiff in this cause."

Some months later the court heard arguments on the motion and sustained it. The amended complaint was dismissed and this appeal followed. Counsel for the defense affirms here that the trial court's action in sustaining the motion to dismiss, not only upon the grounds set forth in the motion, but as well for several other reasons put forward in the brief filed in the cause now pending before us, was entirely proper. One of the reasons we think decisive.

It will be noted from terms of the mandate quoted above that the district court was directed to reinstate the cause upon its docket, set aside its judgment theretofore

entered, which had been reversed by us, and *to enter a new judgment in favor of the defendant*. This direction was complied with by the entry on February 15, 1952, of a "Judgment after Appeal" whereby the former judgment was set aside and another in lieu thereof in favor of defendant was entered.

The district court under the terms of the mandate issued following our decision in Anderson v. City of Tucumcari, 56 N.M. 86, 240 P.2d 226, could do but a single thing, namely, set aside its former judgment and render one in its stead for defendant. See Glaser v. Dannelley, 26 N.M. 371, 193 P. 76; Albuquerque Broadcasting Co. v. Bureau of Revenue, 54 N.M. 133, 215 P.2d 819; and 3 A.J. 729, § 1233 under "Appeal and Error". This is exactly what the trial court did and its subsequent action in sustaining defendant's motion to dismiss the first amended complaint was but to announce its adherence to the correctness of its former action in entering judgment in favor of the defendant as directed by the mandate. What it did was in strict compliance with the mandate of this court on the former appeal and its action should be affirmed.

It will be so ordered.

McGHEE, C. J., and COMPTON, LUJAN and SEYMOUR, JJ., concur.