## GLASER v. DANNELLEY.

.[No. 2392.   Sept. 24, 1920.]

1. It is the duty of the lower court on remand of a cause to comply with the mandate of the appellate court and to obey the directions therein without variation, even though the mandate may be, or is supposed to be, erroneous; and where a judgment on appeal is affirmed and the cause is remanded to the trial court with directions to enter judgment on the supersedeas bond, it is the duty of the court to comply therewith.
                                                                    P. 374

2. Where the mandate of the appellate court directed the trial court to enter judgment for a specified amount for plaintiff, in accordance with admissions that judgment had been rendered for such amount in appellant's brief, and the trial court refused a motion to amend the judgment entered so as to show such amount, before the judgment had been redocketed in the trial court, such motion might be subsequently made and granted, as against a contention that the first action was final.                                               P. 375

Appeal from District Court, Curry County, Brice, Judge.

Action by B. G. Glaser against W. U. Dannelley. Judgment for plaintiff, and defendant appeals. Affirmed.

PATTEN & HATCH, of Clovis, for appellant.

In many cases it is held that the trial court, after an appeal and remand, has no power to modify or amend the judgment whatever. Tuttle v. Gilmore, 7 Atl. 859; Pacific Drug Co. v. Hamilton, 76 Wash. 524, 136 Pac. 1144; German American State Bank v. Sullivan, 50 Wash. 42, 96 Pac. 522; State ex rel. Jefferson County v. Hatch, 36 Wash. 164, 78 Pac. 796; State ex rel. Wolferman v. Superior Court, 8 Wash. 591, 36 Pac. 443; Dewey L. Co. v. Stevens, 96 Atl. 362; Plath v. Mullins, 161 Pac. 1187, 23 Cyc. 862; Fuller v. Fuller, 21 N. M. 212.

We contend that Judge Brice had no authority and no power to entertain the motion after his predecessor, Judge Richardson, had overruled it. Mugler v. Castleton H. & R. Co., 153 N. Y. S. 1026; Marvin v. Weider, 48 N. W. 824.

ROWELLS & REESE, of Clovis, for appellees.

On remand court had power to enter judgment or

modify it. Crichton v. Storz, 20 N. M. 195; U. S. v. Irrigation Co., 13 N. M. 386; Sec. 4167, Code 1915; 4 C. J. 1208, 3255; Edinburg L. I. Co. v. Walsh, 79 Pac. 688; Carson v. McDonald, 85 Pac. 861, 15 R. C. L. 680-682; 15 Erie P. & P. 223.

When Judge Brice rendered judgment on the mandate, the correction was made and the judgment on the mandate necessarily superseded the original judgment appealed from, so the motion ruled on was not essential to the power of the court to render the proper judgment on the mandate. Any other course would have been a positive injustice to the appellee, and the plainest principles of justice and reason required the amendment. Shepard v. Grove, (Wash.) 67 Pac. 256; Garthan v. C. A. Hooper & Co., 170 Pac. 1115; Twin City Ins. Co. v. Otterson, 146 Pac. 2-3; Crim v. Kessing, 89 Cal. 478.

As to entry in judgment of amount, see: Sec. 4197, Code 1915; Landell v. Norment, 19 N. M. 549; Harris v. Tomlinson, 30 N. E. 214; Cooper v. Cooper, 64 N. Y. S. 901; Conway v. Conway, 37 N. E. 189; De Kalb Co. v. Hixon, 44 Mo. 341.

OPINION OF THE COURT.

ROBERTS, J.   Prior to October 6, 1916, appellee sued appellant in the district court of Curry county, in equity, to set aside a contract entered into between the parties for the purchase of certain real estate, and seeking the return of certain moneys paid by appellee to appellant under such contract, and for damages. The basis of the action was that appellee had been induced to enter into the contract by fraud. The court heard the evidence, and filed a written opinion in the case, in which it was stated that appellee was entitled to a cancellation of the contract and to judgment for $500, the amount of money paid by him thereunder, and the costs of the action, but was not entitled to recover damages, and counsel were directed to prepare a judgment accordingly. On the 6th day of October, 1916, a judgment was entered in accordance with the opinion rendered by the court

in all things, except by inadvertence the amount of money, to wit, $500, was not stated, the judgment simply reciting that plaintiff in the cause was entitled to a return of the money paid. Appellant appealed to this court and in his brief set forth a statement of the facts, in which he stated that judgment had been rendered against him in the district court of said county for $500. The court considered the case, and decided in favor of the appellee, the opinion being found in 23 N. M. 593, 170 Pac. 63. In the written opinion we stated that judgment had been rendered in the district court against the appellant for $500, and this statement was taken from appellant's brief. The judgment of the trial court was affirmed, and the mandate was issued, which provided:

"That the said cause be remanded to you (the district court), with directions to enforce your judgment. Now, therefore, you are hereby commanded to reinstate said cause upon your docket and enforce your judgment and enter judgment against the sureties on the appeal bond."

There had been a supersedeas bond given in the case. The mandate was filed in the office of the clerk of the district court on the 19th day of March 1918. On the 29th day of April thereafter, counsel for appellee filed a motion in the district court, in which the court was asked to amend the judgment originally entered, so as to specify the sum of $500 as the money to be refunded to the plaintiff in that court. The motion was accompanied by draft of the amended judgment, but the court was not asked to reinstate the cause on the docket in order to enter judgment as directed by the mandate. For some reason the court, on the 20th day of August, 1918, filed an order overruling the motion, and stated in the order:

"The court having duly considered said motion and all matters connected with the pleadings and the action of the Supreme Court in affirming the same and determined that said motion is not well taken at this time."

Just what the court referred to by the statement that "the motion is not well taken at this time" we are unable to determine. The judge might have been of the opinion that the case should be first docketed, and that the question would arise upon the entry of judgment

pursuant to the mandate. At least the judge refused to correct, and later, on the 25th day of February, 1919, counsel for appellee filed a motion in the district court of said county, in which they asked the court to reinstate the cause on the docket, and to render judgment in accordance with the mandate of the Supreme Court, and to .correct the original judgment nunc pro tunc by the insertion of the amount, $500.

The court, on the 26th day of February, entered an order reinstating the cause on the docket, and on the 14th day of March entered nunc pro tunc an amended judgment, and later, on the same date, entered a judgment on remand of the cause under the mandate of this court against the appellant and his sureties on the supersedeas bond for the sum of $500 and costs.

[1] To review the action of the court this appeal is taken, and it is appellant's contention: (1) That the court erred in permitting the amendment to the judgment previously entered; (2) that the court had no power to sustain the motion after the same identical motion had been passed upon by another judge. Argument is advanced in support of each point made. The questions urged, however, we think are wholly immaterial, because no attempt had been made by the court prior to the final entry of judgment on the 14th day of March, 1919, to comply with the mandate of this court. It is well settled that it is the duty of the lower court on remand of a cause to comply with the mandate of the appellate court, and to obey the directions therein without variation, even though the mandate may be, or is supposed to be erroneous. 4 C. J. p. 1221. In Elliott on Appellate Procedure, section 576, it is said:

"The mandate of the appellate tribunal is law to the trial court, and must be strictly obeyed. Where the mandate directs that a particular judgment be entered, that a specified ruling be made, or that a designated course be pursued, the inferior tribunal must yield obedience to the directions given."

Appellant does not argue in this court that the judgment entered pursuant to the mandate of this court is

erroneous and such a contention could not, of course, be tolerated, because after having sought relief in this court upon the stated ground that judgment had been entered against him in the trial court for $500, neither this court nor the district court would permit him to shift his position and to now deny the truth of that which he once asserted. His argument is directed to the power of the court to amend the original judgment, after once having refused to do so; that the order made by Judge Richardson on August 20, 1918, refusing to amend the original judgment was final, and upon the entry thereof the court lost jurisdiction over the same.

[2] But at this time the case had not been redocketed in the district court, and the order made did not purport to be pursuant to the mandate of this court. It would be an anomalous contention to urge that a district court could refuse to comply with the mandate of an appellate court, and upon such refusal, the aggrieved party must again appeal from such order of refusal.

There is an admission by counsel upon the prior appeal to this court that judgment for $500 was rendered against their client. The written opinion filed by the district judge clearly shows that he so intended, and without dispute appellee had paid to appellant the sum of $500 under the contract, and the original judgment, as filed, adjudged that appellee was entitled to the return of the money paid.

The final judgment, entered pursuant to the mandate of this court, is in accord with the same, and was properly entered, and it will be affirmed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.