520 P.2d 263

**Judith M. MICHELSON, Plaintiff-Appellee,**

v.

**Jack T. MICHELSON, Defendant-Appellant.**

**No. 9816.**

Supreme Court of New Mexico.

March 15, 1974.

Sutin, Thayer & Browne, Irwin S. Moise, Norman S. Thayer, Albuquerque, for defendant-appellant.

Botts, Botts & Mauney, Gerald R. Cole, Graham E. Evans, Albuquerque, for plaintiff-appellee.

OPINION

MONTOYA, Justice.

Plaintiff Judith M. Michelson (appellee) filed an action for divorce from defendant Jack T. Michelson (appellant) on August 23, 1972. In addition to asking for a divorce, appellee sought custody and support for the children of the parties, division of the community property, alimony and attorney's fees. Before the trial, a stipulation was entered into settling the matters involving custody of the children and their support. The court approved the stipulation and, at the trial, a divorce was granted to appellee. The only issues litigated at the trial were the ownership and distribution of the property, alimony and award of attorney's fees. After a decree was entered, this appeal followed.

Appellant challenges the correctness of certain findings of fact and conclusions of law made by the trial court, which are stated in his brief in chief as follows:

FINDINGS OF FACT:

"4. Wife and children require $20,000.-00 per year after taxes to maintain their present standard of living and wife should have sufficient funds to secure a home commensurate with the home in which she previously lived, and also to replace automobile awarded to wife (Finding 5, Tr. 68, Challenged Points IV and V).

" * * *.

"7. On January 1, 1972, the property of defendant, exclusive of his interest in Sunbell and Rushfair, had a value of $496,030.00. The parties' interest in 133,333⅓ shares of Sunbell Corporation stock was worth $1,297,796.00 and the interest in Rushfair Shopping Center was

worth approximately $99,000.00. Total value of all the property was approximately $1,892,826.00 (Finding 8, Tr. 69, Challenged Point I, Point III).

"* * *.

"11. Present value of defendant's interest in Rushfair is $99,000.00, paid for with $18,750.00 in separate funds and the balance from profits generated from partnership operations with some interest paid from joint bank account (Findings 14 and 15, Tr. 71). (Finding 32, Tr. 77). (Challenged Point III).

"12. Lot 29 of Los Poblanos Addition was purchased with defendant's separate funds in amount of $14,000.00. House was built on Lot 29 with money borrowed by husband pledging credit of the community and was subsequently mortgaged, pledging credit of both parties. Both parties participated in designing, furnishing, decorating and landscaping the home, which, including the land, has a present value of $100,000.00, with a balance of $53,560.00 owing on a mortgage (Findings 16, 17, 18 and 19, Tr. 71, 72, Challenged Point III).

"* * *.

"14. Plaintiff's attorneys spent about 400 hours in preparation, which included research, discovery, conferences, preparation of a 50-page brief; and, in addition, 2 days in trial, one extending to 9:30 p. m.; 3 hours in oral argument and additional time preparing and submitting requested findings of fact and conclusions of law and a form of judgment. Wife has not had, nor does she have funds to pay attorney fees. Defendant has asserted there was no substantial community property, and wife's attorneys had no assurance of payment (Findings 21, 22, 23, Tr. 72, 73, Challenged Point VI).

"* * *.

"22. A reasonable return on investment of Sunbell would be 8% of invested capital (Finding 37, Tr. 78; Challenged Point II)."

CONCLUSIONS OF LAW:

"3. There is a community interest in Sunbell Corporation due to the work and effort of the defendant, a community interest in the Rushfair partnership and the home due to the use of community credit and the work and effort of the parties on the home. The horses, tack and horse trailers, Los Borrachos Investment Club, net cash value of the insurance, all constitute community property. But the plaintiff's share of the community property, after considering tax ramifications, would not equal $200,000.00, which is the net amount necessary to properly maintain plaintiff under the circumstances. (Challenged Points I, II, III, IV and V).

"4. Considering the earning capacity of defendant, the value of his estate, the amount of accumulation that has occurred during the marriage, the standard of living the parties have enjoyed, the fact that the home is being awarded to husband and wife will have to secure suitable accommodations, that wife has not worked since 1964 and the children are conditioned to her being a homemaker, that husband was the dominant personality in the marriage and was responsible for the standard of living and mode of living enjoyed by the parties, the fact that no substantial property is being awarded wife, two hundred thousand dollars constitutes a reasonable sum of money to be paid by the husband to the wife in a single sum as alimony. (Challenged Points I, II, III, IV and V)."

The appellant then argues the following points upon which he relies for reversal of the decree, which read:

"I. BASED ON THE UNCONTRADICTED FACTS, THE COURT ERRED IN FAILING TO CONCLUDE THAT THE COMPENSATION PAID DEFENDANT BY SUNBELL CORPORATION WAS AT ALL TIMES EQUAL TO THE REASONABLE VALUE OF THOSE SERVICES TO THE COMMUNITY.

"II. THE COURT ERRED IN FAILING TO CONCLUDE THAT ALL OF THE INTEREST OF DEFENDANT IN SUNBELL WAS SEPARATE PROPERTY, AND IN CONCLUDING THAT PLAINTIFF WAS ENTITLED TO SHARE IN THE INCREASE IN VALUE THEREOF, BASED ON DEFENDANT'S WORK AND EFFORT WITHOUT SPECIFYING THE AMOUNT THEREOF, AND WITH NEITHER A FINDING OF FACT NOR EVIDENCE IN THE RECORD TO SUPPORT THE SAME.

"III. THE COURT ERRED IN CONCLUDING THAT PLAINTIFF HAD A COMMUNITY INTEREST IN RUSHFAIR AND THE HOUSE OF THE PARTIES DUE TO THE USE OF COMMUNITY CREDIT AND WORK EFFORT OF THE PARTIES, WITH NEITHER EVIDENCE IN THE RECORD TO SUPPORT SUCH A FINDING OR A FINDING TO SUPPORT THE CONCLUSION, AND WITHOUT SPECIFYING THE AMOUNT OF SUCH INTEREST.

"IV. THE COURT ERRED IN CONCLUDING THAT $200,000.00 WAS THE NET AMOUNT NECESSARY TO PROPERLY MAINTAIN PLAINTIFF, AND IN AWARDING HER SAID AMOUNT AS LUMP SUM ALIMONY.

"V. THE COURT ABUSED ITS DISCRETION IN ORDERING THE PAYMENT OF $200,000.00 IN LUMP SUM ALIMONY UNDER THE UNCONTRADICTED PROOF, AND WITHOUT A FINDING ON WHICH TO BASE SUCH A CONCLUSION.

"VI. THE COURT ABUSED ITS DISCRETION IN ORDERING PAYMENT OF $25,000.00 ATTORNEY FEES TO PLAINTIFF."

Briefly stated, the appellant is only appealing those portions of the final decree reading as follows:

"3. Plaintiff [appellee] is awarded judgment against Defendant [appellant] in the sum of $200,000.00 which shall constitute a single sum alimony award and shall be in lieu of any other sums due Plaintiff as support.

" * * *.

"5. Plaintiff [appellee] is awarded judgment against Defendant [appellant] in the sum of $25,000.00 as a fee for her attorneys.

" * * *.

"8. Beginning June 1, 1973, interest shall accrue on all sums awarded to Plaintiff [appellee] at the rate of six per cent (6%) per annum."

There is no question but that the court in a divorce action is authorized by our statutes to

" * * * allow the wife such a reasonable portion of the husband's separate property, or such a reasonable sum of money to be paid by the husband, either in a single sum, or in instalments, as alimony, as under the circumstances of the case may seem just and proper; and may modify and change any order in re-

spect to alimony allowed the wife, whenever circumstances render such change proper; * * * ."

Section 22–7–6, N.M.S.A., 1953 Comp. (as applicable herein prior to 1973 amendment). Under § 22–7–13, N.M.S.A., 1953 Comp. (also as applicable herein prior to amendment), similar authority is contained:

"In divorce, separation or support suits between husband and wife, the court may make an allowance to the wife of the husband's separate property as alimony and the decree making such allowance shall have the force and effect of vesting the title of the property so allowed in the wife."·

■ It is likewise the duty of the court to divide equally the property of the community. Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398 (1962); Sands v. Sands, 48 N.M. 458, 152 P.2d 399 (1944). We also held in the former case that the trial court had power to grant alimony in a "reasonable sum" and, on appeal, we only examine the evidence to determine whether there was an abuse of discretion in fixing an amount which was contrary to all reason.

We also held in Sloan v. Sloan, 77 N.M. 632, 426 P.2d 780 (1967), that there is no fixed rule by which the amount of permanent alimony can be determined, since each case must be decided upon its relevant facts in the light of what is fair and reasonable.

■ Keeping the foregoing principles in mind, we now consider the issues raised in this appeal. Some of the important factors to be considered in a determination of the amount of alimony to be awarded are the needs of the wife, her age, health and the means to support herself, the earning capacity and the future earnings of the husband, the duration of the marriage, and the amount of property owned by the parties. In the instant case, the trial court found or concluded that there was a community in-

terest in Sunbell Corporation due to work and effort of appellant, a community interest in the Rushfair partnership and the home due to use of community credit and the work and effort of the parties in the home. It also found that other community property existed. After so concluding, the trial court stated:

"3. * * *. But the plaintiff's [appellee's] share of the community property, after considering tax ramifications, would not equal $200,000.00, which is the net amount necessary to properly maintain plaintiff under the circumstances."

The court then concluded, because no substantial property was being awarded the wife, that "two hundred thousand dollars constitutes a reasonable sum of money to be paid by the husband to the wife in a single sum as alimony."

■ The findings of the trial court, or its conclusions, do not advise us what the extent of the community interest is in Sunbell Corporation, or what the extent of the community interest might be in the Rushfair partnership, or even in the home. As pointed out in Sands v. Sands, supra, the community property of the parties must be divided equally. We can only speculate what portion of the $200,000.00 represents appellee's share of the community property, since no finding was made as to what the community property was. We do know that appellant was awarded all the community property except a portion of the household furnishings and an automobile. It is thus apparent that the $200,000.00 award is not only alimony but is intended to be an award in lieu of appellee's share of the community property of the parties. This does not permit a review to the basic questions presented in this appeal, namely, what, if any, is the community interest of appellee in Sunbell Corporation, in the Rushfair properties, and in the home. All we have is a conclusion by the court that it would not equal $200,000.00 if the tax ramifications are taken into account. Are we

then in a position to say whether there was an abuse of discretion in awarding that amount? Certainly an important factor in determining an award of alimony is the amount of property distributed to the wife as her share of the community interest. Upon its distribution it becomes her sole and separate property. What will her needs be after that distribution? How can we determine if there was error in the determination of the interest of each party in the community property when we do not know its extent, except that appellee's share is less than $200,000.00? We allude to those matters to point out the impossibility of a meaningful review under such circumstances. The same reasoning applies to a review of the amount of attorney's fees allowed, leading to a determination of whether or not there has been an abuse of discretion in the award.

In Mora v. Martinez, 80 N.M. 88, 90, 451 P.2d 992, 994 (1969), we quoted with approval from Featherstone v. Barash, 345 F.2d 246, 249 (10th Cir. 1965), and said:

"' * * *. And when findings wholly fail to resolve in any meaningful way the basic issues of fact in dispute, they become clearly insufficient to permit the reviewing court to decide the case at all, except to remand it for proper findings by the trial court.'"

See also State ex rel. State Highway Department v. Bruskas, 85 N.M. 634, 515 P.2d 559 (1973).

In view of the foregoing and after a careful review of the entire record, the pertinent findings, conclusions and provisions of the final decree, we feel that the findings of fact here fail to aid this court in making an adequate review of this case. The case is, therefore, reversed and remanded to the trial court for proceedings consistent with the views herein expressed and the entry of appropriate findings of fact and conclusions of law.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.