557 P.2d 1101

**Lois SEYMOUR, Petitioner-Appellee,**

v.

**Dale SEYMOUR, Respondent-Appellant.**

No. 10669.

Supreme Court of New Mexico.

Dec. 17, 1976.

Botts & Cole, Gerald R. Cole, Graham E. Evans, Albuquerque, for respondent-appellant.

Gallagher & Casados, David R. Gallagher, Albuquerque, for petitioner-appellee.

## OPINION

MONTOYA, Justice.

This is an appeal from a divorce decree granted by the District Court of Bernalillo County. Following a lengthy trial, the court below granted the divorce, divided the property and awarded the wife alimony and attorneys' fees.

The husband, respondent below, claims as error and appeals from the following:

1. the unequal division of the community property,

2. the findings of the trial court determining that certain properties were community rather than separate property, and that certain properties were subject to a community lien,

3. the award to the wife of property belonging to Allen Builders, Inc. for services rendered by the wife to the corporation because the salary paid to her was inadequate,

4. the award of attorneys' fees to the wife, and

5. the award of alimony to the wife.

In order to understand the issues involved, the facts developed at the trial should be mentioned. The parties were married on January 12, 1962, this being the second marriage for both. At the time of the marriage, the husband was engaged in three businesses known as Seymour Lumber Co., Allen Construction Co. and Coronado Wrecking Company, each operated as a sole proprietorship. The lumber company was started in 1955, the construction business in 1956 and the wrecking operation in the latter part of 1960. The husband continued the businesses during the marriage and later incorporated them. He took stock and promissory notes from the incorporated entities for the capital transferred to each. The wife actively participated in the businesses and was an officer and director in them. The husband also engaged in certain real estate ventures by himself and in participation with his lawyer. At the time of trial, the properties and cash were valued at $884,000. The trial court determined that some $370,000 was community property; accordingly, it divided such property so that the wife received $184,872.22 and the husband received $184,784.94. The remainder of the property was determined to be the separate property of the husband. Some of the real estate purchased after marriage was admitted to be community property. Title was taken to most of the property by the parties in joint tenancy. In some tracts the property was being purchased under a real estate contract, and in three tracts (even according to the wife's requested findings) the title was in the name of the husband only. On one tract the title of record was in Allen Builders, Inc., a corporation owned completely by the husband.

It is to be noted that in only three deeds was the husband shown to be the sole record owner, and that the payments made before marriage on the tracts showing the husband to be the record owner were minimal compared to the payments made after marriage. The trial court found that the majority of the payments were made with community funds, with the exception of Tract 4, Map 34, which it found to be the property of Allen Builders, Inc. The evidence in the record and the findings of the trial court indicate that the payments for real estate acquired after marriage were paid in part from the drawing accounts of the husband in the businesses, in part from the savings account of the parties, and in part from monies withdrawn from the businesses, thereby reducing the amounts on the promissory notes due the husband from the corporations.

The trial court made a finding that the wife "due to her age, previous work experience and employment history is unable to obtain gainful employment to support herself and is in need of alimony at this time in the amount of $600 per month in addition to the amount necessary to pay her house payment on the family home."

The trial court also awarded to the wife the sum of $20,000 toward her costs and attorneys' fees.

■ We have carefully reviewed the record of the proceedings in this cause and would note that the nature and extent of the property interests of the parties were submitted in great detail at the trial below. It would serve no useful purpose to set forth the evidence, but we would note that there were extensive transactions involving drawings from the corporations for living expenses, purchasing real estate from corporate funds, and taking of title to real property in joint tenancy. After evaluating the extent of the parties' contributions by way of time and effort to the various businesses we conclude that there is substantial evidence to support the trial court's findings with respect to its determination of the nature and extent, as well as the division, of the property of the parties, except as hereinafter noted.

■ The next issue to be considered is the claim that the trial court erred in awarding the wife the property belonging to Allen Builders, Inc. (Tract 4, Map 34, Middle Rio Grande Conservancy District). The trial court reasoned in its finding No. 29 that the business grew and prospered due to the labor of both parties and that the wife did not receive a fair compensation for her efforts and therefore that she was entitled to the tract to compensate her for the inadequate salary she had been receiving from the corporation. The trial court found that this tract had a total value of $14,800.00 and was subject to an outstanding mortgage of $1,432.86 and a paving lien of $2,468.40, leaving a net value of $10,898.74. It is undisputed that both parties contributed time and effort to the growth of Allen Builders, Inc., but the extent of such contributions is unknown. In any event, there were contributions by both parties of time and effort to the growth of the corporation, but there was also the contribution of the husband's separate property to the capital of the corporation when the business was incorporated. Having found that the property in question is the property of the corporation, we question the propriety of the award of such corporate property to the wife. It did not belong to either party, but belonged to the corporation. Accordingly, we reverse the trial court on this issue and hold that Tract 4, Map 34, cannot be transferred to the wife in lieu of any interest the wife may have in the business. The services rendered by both parties to Allen Builders, Inc. and salaries or withdrawals therefrom belonged to the community, but the acquisition of property with the funds of the corporation makes it part of the assets of the corporation. There is no evidence in the record to indicate the value of the services contributed by either of the parties to this or any of the corporations, and it would be mere speculation to say that the wife's interest in the corporation was equivalent in value to the corporate property awarded by the trial judge to the wife.

■ The next issue is the claimed error in the trial court's award of alimony. The pertinent findings made by the trial court read as follows:

"3. That the petitioner due to her age, previous work experience and employment history, is unable to obtain gainful employment to support herself and is in need of alimony at this time in the amount of $600.00 per month in addition to the amount necessary to pay her house payment on the family home.

"4. That the respondent owns several businesses and is well able to pay alimony."

In effect, the trial court found that the wife is incapable of pursuing any type of gainful employment. This finding is not supported by the evidence. A reading of the testimony submitted on this matter is that her prior employment record is not

only solid but varied, with experience and employment in practical nursing, sales, business management and clerical work. She testified that she had made no effort to find employment or to train herself for that purpose. When asked if she had made any attempt to secure a job or to train herself in order to obtain employment she replied emphatically "No, sir, why should I?"

In reviewing this matter, we recognize that we must consider whether there was an abuse of discretion in making such an award. However, the court must consider all the circumstances, including the age and work experience of the wife, as well as the value of and income-producing nature of the property awarded to the wife.

In *Michelson v. Michelson,* 86 N. M. 107, 520 P.2d 263 (1974), we recognized the power of the trial court to grant alimony in a "reasonable sum" and held that we would only examine the evidence to determine whether there was an abuse of discretion in fixing an amount which was contrary to all reason. In that case we also said (86 N.M. at 110, 520 P.2d at 266):

"We also held in *Sloan v. Sloan, 77* N. M. 632, 426 P.2d 780 (1967), that there is no fixed rule by which the amount of permanent alimony can be determined, since each case must be decided upon its relevant facts in the light of what is fair and reasonable.

"Keeping the foregoing principles in mind, we now consider the issues raised in this appeal. Some of the important factors to be considered in a determination of the amount of alimony to be awarded are the needs of the wife, her age, health and the means to support herself, the earning capacity and the future earnings of the husband, the duration of the marriage, and the amount of property owned by the parties. * * *"

It is to be noted that the alimony award was to be permanent, subject to review only if there was a change of circumstances. We note that the wife in this case was awarded alimony in the amount of its award of alimony. The trial court $600, plus house payment of $195). She received property worth approximately $180,000, less the value of the tract of land belonging to Allen Builders, Inc. worth $12,730. Some of this property is commercial in nature, capable of generating some income. In addition, the parties each took approximately $23,900 in cash at the time of separation.

In view of the foregoing factors, we reverse the trial court on its award of permanent alimony and the matter is remanded to the trial court for the reconsideration of its award of alimony. The trial court should consider the age and employability of the wife and the amount of property awarded to her, as well as other factors listed in *Michelson v. Michelson,* supra, in determining the amount of alimony, if any, to be awarded, as well as a possible time limitation on the husband's obligation to pay alimony, in light of what we said in *McClure v. McClure,* 90 N.M. ——, 559 P. 2d 400 (1976).

The final contention is that the trial court's award of attorneys' fees in the amount of $20,000 to the wife is contrary to law and constitutes an abuse of discretion. As hereinbefore noted, the division of the property was hotly disputed and extensively litigated at both the trial and appellate level. We set forth the standards to be applied in determining the amount of attorneys' fees to be awarded in *Michelson v. Michelson,* 89 N.M. 282, 551 P.2d 638 (1976). The guidelines set forth in that case, and other cases decided by this court on this issue, are clearly delineated. We have consistently held that the matter rests within the sound discretion of the trial court.

In view of the nature of the issues involved and the findings of the trial court, we will not interfere with the exercise of discretion in this matter, absent a showing of abuse thereof. We therefore affirm the ruling of the trial court on its award of attorneys' fees. We are not unmindful of litigation subsequent to this ap-

peal being filed between the wife and the attorneys who represented her at trial, which was litigated at the trial level in Bernalillo County Court Case No. 10–75–05005, and its ultimate disposition by an agreed settlement while the case was on appeal. The trial court is at liberty to consider whether a modification of its award of $20,000 for attorneys' fees is appropriate in view of the ultimate disposition of the litigation involving this issue in Bernalillo County Court Case No. 10–75–05005.

On this appeal the wife seeks an award from this court for attorneys' fees incurred herein. We agree that such an award would be proper under the circumstances. Attorneys' fees in the amount of $1,500 are hereby fixed and allowed to be taxed as costs against the husband. The remaining costs of the appeal are to be equally divided between the parties.

In view of all the foregoing, the cause is reversed in part and remanded to the trial court for the entry of its decision and judgment in conformity with the views herein expressed.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS, J., concur.