605 P.2d 222

**Margaret V. BURNWORTH, Petitioner-Appellee,**

v.

**Dewey BURNWORTH, Respondent-Appellant.**

No. 12516.

Supreme Court of New Mexico.

Jan. 8, 1980.

Rehearing Denied Jan. 28, 1980.

Cohen & Aldridge, William F. Aldridge, Albuquerque, for respondent-appellant.

Patrick L. Chowning & Associates, Patrick L. Chowning, Albuquerque, for petitioner-appellee.

## OPINION

FEDERICI, Justice.

This is an action for dissolution of marriage which was filed originally in the District Court of Bernalillo County. Following a hearing, a final decree was entered. Thereafter, an appeal was taken by respondent to the Supreme Court in Cause No. 11,987. A decision by the Supreme Court was handed down on December 1, 1978, and mandate followed on January 19, 1979. After mandate the district court entered an amended final decree which awarded appellee an additional $5,150, plus one-half of the reasonable rental value of one of the homes from March 17, 1978 to the date of final decree.

Appellant contends that in entering an amended final decree awarding additional amounts of property and rental, the trial court violated the mandate of this Court in Cause No. 11,987. We agree.

In our prior decision in Cause No. 11,987, the mandate is quite clear:

The judgment of the trial court is affirmed as to items (1) through (6) above, and reversed as to item (7). Item (7) is the separate property of appellant. The judgment of the trial court is affirmed with respect to the $33,630 additional income and the award of attorney fees. The cause is remanded for entry of such order or judgment as may be consistent with this decision.

No new claims, no new causes of action and no new issues were involved. No amendment, no new pleading and no new evidence was contemplated or intended by the mandate in our previous decision in Cause No. 11,987.

New Mexico has long recognized the rule that a mandate of the appellate courts is binding upon and must be strictly followed by the trial court. In *Glaser v. Dannelley*, 26 N.M. 371, 374, 193 P. 76, 77 (1920), this Court said:

It is well settled that it is the duty of the lower court on remand of a cause to comply with the mandate of the appellate court, and to obey the directions therein without variation, even though the mandate may be, or is supposed to be erroneous. [citation omitted]. . . .

"The mandate of the appellate tribunal is law to the trial court, and must be strictly obeyed. Where the mandate directs that a particular judgment be entered, that a specified ruling be made, or that a designated course be pursued, the inferior tribunal must yield obedience to the directions given."

*See also Fortuna Corp. v. Sierra Blanca Sales Co., Inc.,* 89 N.M. 187, 548 P.2d 865 (1976); *Van Orman v. Nelson,* 80 N.M. 119, 452 P.2d 188 (1969).

Appellant would have us reconsider our previous decision in Cause No. 11,987. This we refuse to do. Appellant is bound by the mandate in our previous Cause No. 11,987. There must be an end to proceedings in the courts.

We find no merit in appellee's request that this Court impose damages against appellant for a frivolous appeal.

The trial court is hereby directed to enter an order and judgment in compliance with and as directed by the mandate of this Court in Cause No. 11,987, which mandate is governed by that language which is quoted above in this opinion. The parties shall bear their own costs and attorney fees.

IT IS SO ORDERED.

PAYNE and FELTER, JJ., concur.