No. A-CV-32-79

COURT OF THE APPEALS OF THE NAVAJO NATION

November 25, 1980

Wilbert M. CHARLEY, Appellant,

vs.

Irene Marie CHARLEY, Appellee.

George A. Harrison, Esq., Farmington, New Mexico, for Appellant and Wilbert Tsosie, Esq., DNA, Shiprock, Navajo Nation (New Mexico), for Appellee.

## I. STATEMENT OF THE CASE

This case comes before the Court of Appeals for a trial de novo on appeal from a decision entered by the Shiprock District Court on October 29, 1979, involving a property settlement and alimony award in a divorce case.

The parties were lawfully married on April 12, 1977 and separated less than two years later. The parties accumulated some community property and debts. There were no children of the parties.

## II. QUESTIONS PRESENTED ON APPEAL

This appeal raises three questions of law which this court has not addressed in the past:

A. Where a party pleads 9 N.T.C. Section 401 (8) (Inability to live together in agreement and harmony) and the defendant does not deny that ground but rather counterclaims under 9 N.T.C. Section 401 (5), (6) and (7), should summary judgment lie?

B. What legal standard is used in dividing property and debts where the parties live within the New Mexico portion of the Navajo Nation?

C. What standard is used to determine an alimony award where the parties live within New Mexico on the Navajo Nation?

### A. GROUNDS FOR DIVORCE

The Navajo Tribal Code sets out ten possible grounds for divorce and states that the Courts may dissolve marriages on any of those grounds. 9 N.T.C. Section 401. Since any ground is sufficient to dissolve the marriage, the District Courts do not need to hear often conflicting and devisive testimony on the parties' conduct when sufficient grounds exist

to dissolve the marriage. In this case, a summary judgment of divorce was proper under 9 N.T.C. Section 401 (8) and no evidence under the other grounds should be admitted unless they are relevant to property division, alimony or child custody. Here there are no children. The interlocutory decree is hereby merged into this decision.

## B. STANDARD FOR PROPERTY DIVISION

The Courts of New Mexico require an equal division of the community property and debts by statute and Court decision. See Michelson v. Michelson, 86 N.M. 107, 520 P.2d 263 (1974). The Navajo courts are told to be fair and just 9 N.T.C. Section 404. Where the state and tribal standards are different, the specific Tribal Code section prevails and the District Court must be fair and just, but it does not need to be equal in the division.

Applied to the facts of this case, the Court finds that the Plaintiff should pay all the community debts of the parties and should be awarded the following property:

> 1978 Chevrolet Pick-up truck
> sofa
> love seat
> personal property now in his possession

Defendant should be awarded:

> the stereo
> kitchen appliances
> personal property now in her possession

## C. STANDARD FOR ALIMONY

The Navajo Tribe has no standard by statute or Court decision for determining alimony. We hold that the state law where the spouse and children reside will determine the standard for alimony until the Tribal Council or this Court sets other standards.

The standards in effect in New Mexico are outlined in Michelson v. Michelson, 86 N.M. 107, 520 P.2d 263 (1974) as follows:

> "There is no fixed rule by which the amount of permanent alimony can be determined, since each case must be decided upon its relevant facts in the light of what is fair and reasonable.
>
> Keeping the foregoing principles in mind, we now consider the issues raised in this appeal. Some of the important factors to be considered in a determination of the amount of alimony to be awarded are the needs of the wife, her age, health and means to support herself, the earning capacity and the future earnings of the husband, the duration of the marriage and the amount of property owned by the parties."

Applying this standard to the facts presented we find that the parties were only together for two years, that the wife is young

healthy and able to work, there is very little community property and the husband must pay all the community debts. Under these facts we find no need to award alimony in this case.

WHEREFORE, this Court ORDERS the following:

1. The decision of the District Court is vacated;

2. The Interlocutory Decree is incorporated in this opinion and the parties are granted a divorce under 9 N.T.C. Section 401 (8).

3. The property and debts are divided as outlined in this decision, such division being fair and just.

4. No alimony shall be awarded either party.

5. No attorney's fees were sought and therefore none will be awarded.