637 P.2d 564

Howard S. ELLSWORTH,
Petitioner-Appellee,

v.

Betty O. ELLSWORTH,
Respondent-Appellant.

No. 13052.

Supreme Court of New Mexico.

Dec. 11, 1981.

LeRoi Farlow, Albuquerque, for respondent-appellant.

Betty Read, Albuquerque, for petitioner-appellee.

## OPINION

PAYNE, Justice.

This appeal requires us to reevaluate certain principles of law governing divorce decrees. The husband filed for divorce and the wife counterclaimed. The parties had been married thirty years and all their children were over 18 years at the time of the divorce. The appellant contends that the trial court committed error in: (1) failing to award her alimony; (2) failing to grant her attorney's fees; (3) reducing the value of the Keogh retirement plan; and (4) requiring her to pay half of her husband's 1979 income tax. We hold that the court did not abuse its discretion as to the last three items. Accordingly, we affirm as to those issues and discuss only the issue of alimony.

The decision to grant or deny alimony is within the sound discretion of the trial court, and its decision will be altered only upon a showing of an abuse of that discretion. *Seymour v. Seymour*, 89 N.M. 752, 557 P.2d 1101 (1976); *Mindlin v. Mindlin*, 41 N.M. 155, 66 P.2d 260 (1937). Section 40-4-7 B(1), N.M.S.A.1978, the statutory basis for granting alimony, states:

B. On final hearing, the court:

(1) may allow either party such a reasonable portion of the spouse's separate property, or such a reasonable sum of money to be paid by either spouse, either in a single sum, or in installments, as alimony, as under the circumstances of the case may seem just and proper * * *.

Some of the factors to be considered in determining when it is "just and proper" to award alimony are "The needs of the wife, her age, health and the means to support

herself, the earning capacity and the future earnings of the husband, the duration of the marriage, and the amount of property owned by the parties." *Michelson v. Michelson,* 86 N.M. 107, 110, 520 P.2d 263, 266 (1974).

The trial court's refusal to award alimony was due to a determination that the wife's needs were adequately met by payments received from real estate sales contracts she received as a substantial portion of her share of the property settlement. The wife argues that this treatment is contrary to certain language found in *Hurley v. Hurley,* 94 N.M. 641, 615 P.2d 256 (1980).

■ Property settlements recognize the effort expended by both husband and wife in creating an estate. *See Hughes v. Hughes,* 91 N.M. 339, 573 P.2d 1194 (1978). Community property is to be divided equally. *Michelson v. Michelson, supra.* Alimony represents an entirely different consideration. It is a continuation of the dependent spouse's right to support, *Burnside v. Burnside,* 85 N.M. 517, 514 P.2d 36 (1973); *Chavez v. Chavez,* 82 N.M. 624, 485 P.2d 735 (1971), based on need, ability to self-support, and the equities of the particular situation, *Michelson v. Michelson, supra.* Problems have arisen where the concepts of alimony and property division are mixed.

In *Michelson, supra* 86 N.M. at 111, 520 P.2d at 267, the Court in dictum stated that "an important factor in determining an award of alimony is the amount of property distributed to the wife as her share of the community interest." The Court also discussed the relationship between property settlements and alimony in subsequent cases. *See Brister v. Brister,* 92 N.M. 711, 594 P.2d 1167 (1979) (the alimony provisions are entirely severable from property settlement provisions); *Hughes v. Hughes, supra* (award of alimony not in order until the extent of property awarded to each party is determined); *Seymour v. Seymour,* 89 N.M. 752, 557 P.2d 1101 (1976) (applying *Michelson* factors); *Hazelwood v. Hazelwood,* 89 N.M. 659, 556 P.2d 345 (1976) (the right of alimony is a continuation of the right to support). *See also Harper v. Harper,* 54

N.M. 194, 217 P.2d 857 (1950) (the court may award and set over to the wife a lump sum in lieu of alimony out of the husband's interest in the community).

■ In the *Hurley* case the Court stated that a wife "should not be required to sell her share of the community property in order to supplement the amount allowed her by way of alimony to meet the daily living expenses of herself and her children." *Hurley, supra* 94 N.M. at 646, 615 P.2d at 261. The language in *Hurley* must be read in the context of the particular facts in that case and should not be read as an absolute prohibition on use of community property sales proceeds for support, since some situations may arise when fairness requires such use. To the extent that the *Hurley* case would preclude any consideration of the community property awarded to a spouse in reaching an equitable award of alimony, it is specifically overruled. While income (rental, interest, lease, etc.) produced by property may normally be considered in setting alimony, proceeds from selling the property itself should not be except in such rare cases where fairness requires.

■ The trial court must look to the nature of the community assets given to each of the parties upon division in determining alimony. Although the portions of the community may be equal in value at the time of division, one asset may require the continued labors of a party to maintain its value while another asset may retain value independent of the efforts of its owner. One may be an appreciating asset and produce income without depleting the equity, while another asset may be depreciating in value or be able to produce income only by self-liquidation.

■ Here, the wife was awarded certain real estate sales contracts whose values as assets diminish as they are paid off. The husband was awarded business property which may increase in its income-producing capability while also appreciating in value. The record does not reflect that the trial court considered the contrasting nature of the assets in evaluating the relative needs

136

of the parties and reaching the amount of alimony to be awarded.

We therefore reverse on the issue and remand to the trial court for further proceedings to reconsider the award of alimony.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and FEDERICI, J., concur.

RIORDAN, J., not participating.