667 P.2d 970

**James K. WEAVER, Plaintiff-Appellant,**

v.

**Norma B. WEAVER, Defendant-Appellee.**

**No. 14633.**

Supreme Court of New Mexico.

Aug. 10, 1983.

Rodey, Dickason, Sloan, Akin & Robb, Joseph J. Mullins, Albuquerque, for plaintiff-appellant.

Hannah B. Best, Albuquerque, for defendant-appellee.

## OPINION

PAYNE, Chief Justice.

We reverse the trial court.

James K. Weaver brings his second appeal, challenging an amended final divorce decree increasing alimony. In the first appeal, husband had moved the trial court to decrease or terminate alimony. He contended that Norma, his former wife, no longer needed alimony after receiving a $200,000 inheritance. The trial court denied the motion and found wife needed at least $872.65 a month, based upon a sliding-scale formula to increase alimony automatically as husband's income increased. We reversed and remanded the case for reconsideration as it did not appear from the record that the trial court had considered the $200,000 inheritance in determining wife's needs. We also struck the sliding scale formula. The unpublished decision asked the trial court to consider the inheritance. However, on remand, the trial court further increased alimony to $2,154.00 per month. Husband appeals. Once again we reverse.

■ First, Husband argues that the trial court exceeded this Court's mandate. We agree. It appears that the trial court either misunderstood or ignored the holdings of the decision on the first appeal. We cannot understand how a consideration of increased assets of a wife could support an increase instead of a decrease in alimony. In *Burnworth v. Burnworth,* 93 N.M. 714, 605 P.2d 222 (1980) this Court stated:

It is well settled that it is the duty of the lower court on remand of a cause to comply with the mandate of the appellate court, and to obey the directions therein without variation * * *.

The mandate of the appellate tribunal is law to the trial court, and must be strictly obeyed. Where the mandate directs that a particular judgment be entered, *that a specified ruling be made, or that a designated course be pursued,* the inferior tribunal must yield obedience to the directions given. [Emphasis added.]

93 N.M. at 714–15, 605 P.2d at 222–23, *quoting with approval Glaser v. Dannelley,* 26 N.M. 371, 374, 193 P.2d 76, 77 (1920). In our unpublished decision on the first appeal we stated:

There is evidence in the record pertaining to the wife's $200,000.00 inheritance and to the wife's net and gross worth, which includes her property. * * * [A]lthough the trial court made a finding that the wife still was in need of alimony, *there are no findings of fact to indicate that the trial court weighed and considered the wife's inheritance,* or the property she owns. [Emphasis added.]

Pursuant to our mandate, the trial court was to enter "additional findings consistent with the Decision of the Court." The man-

date clearly designated the course to be pursued: wife's need for alimony was to be reappraised, and findings entered indicating that the $200,000 inheritance had been considered. By virtue of the trial court's failure to follow our mandate, its decision is erroneous as a matter of law.

Second, husband contends that increased alimony constitutes an abuse of discretion. We recognize alimony is within the trial court's sound discretion, and its determination will be altered only upon a showing of abuse thereof. *Hertz v. Hertz,* 99 N.M. 320, 657 P.2d 1169 (1983) (awarding alimony, based upon erroneous factors, constitutes abuse); *see, e.g., Ellsworth v. Ellsworth,* 97 N.M. 133, 637 P.2d 564 (1981) (failure to consider contrasting nature of assets is an abuse of discretion); *Seymour v. Seymour,* 89 N.M. 752, 557 P.2d 1101 (1976) (failure to consider income-producing nature of assets is an abuse).

Wife's net worth is not in dispute. In *Ellsworth,* the Court stated, "income produced by property may normally be considered in setting alimony." 97 N.M. at 135, 687 P.2d at 566. In *Seymour* the alimony award was reversed, in part, because Mrs. Seymour received property worth approximately $167,000, a portion of which was "capable of generating some income." 89 N.M. at 755, 557 P.2d at 1104. In the present case, the trial court found wife's 1980 income to be $10,150, all of which was generated by her assets. However, three assets from the inheritance capable of generating income were erroneously excluded from wife's income. These assets are 331 shares of AT & T stock with a market value of $16,550; money market funds in the amount of $60,000 (subsequently reduced to $21,000); and certain commercial rental property. The court's Finding number 4 which dealt with her assets does not mention the stock or the money market funds, and concludes that wife had a net loss for 1980 from the rental property. It was error to fail to include income from these assets because they are part of wife's income-producing capability. Whether income is produced depends, to a large extent, on how she chooses to manipulate the assets.

Further, in its Finding number 1, the trial court found wife's monthly need to be $3,000, despite the fact that her own budget estimate of needs was only $2,514.67 per month. Need is the first criterion in determining alimony.

We are reluctant to calculate alimony on appeal, and therefore remand the matter with directions to the trial court to redetermine alimony based upon the undisputed facts in the record.

In light of the case precedents and the facts of this case, and pursuant to NMSA 1978, Section 40-4-7, monthly alimony, if any can be justified, could not exceed the original amount of $872.65 awarded before the wife received her significant inheritance. The reductions should be retroactive to September 1980, the date husband's motion was filed. *Cf. Montoya v. Montoya,* 95 N.M. 189, 619 P.2d 1233 (1980). Husband will be given credit for past overpayments, if any.

The parties shall bear their own costs and attorney fees for this appeal.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.