798 P.2d 592

**Phil FOUTZ, Petitioner–Appellant,**

v.

**Melba FOUTZ, Respondent–Appellee.**

**No. 10625.**

Court of Appeals of New Mexico.

Aug. 16, 1990.

Barton L. Palmer, Barton L. Palmer, P.C., F.D. Moeller, Farmington, for petitioner-appellant.

Victor A. Titus, Farmington, Cynthia A. Fry, Lebeck & Fry, P.A., Albuquerque, for respondent-appellee.

## OPINION

BIVINS, Chief Judge.

Husband appeals the Final Decree of Dissolution of Marriage and Property Settlement, challenging the division of community property, award of alimony, and assessment of wife's attorney fees and costs. We vacate the final decree, other than the portion dissolving the marriage, and remand for further proceedings.

The trial court found that the parties had been married forty years and had raised seven children, all of whom are grown. Husband is a self-made businessman, Indi-

an trader, and real estate developer. Wife has never worked outside the home and has no marketable job skills. She has minimum needs in excess of $2,600, without considering taxes and costs attributable to property awarded her. Husband has made gifts and other contributions to a paramour and her children. The parties to this action own no separate property. The total of the community property to be divided exceeds $2.5 million. After pooling certain assets to defray community debts, the court awarded wife community property with a value of $631,265 and husband community property with a value of $551,992. The trial court awarded wife alimony in the amount of $2,400 per month. It also awarded her attorney fees of $15,000 plus tax plus $3,795 in costs.

■■■ The first issue we address is whether the trial court's findings of fact and conclusions of law are sufficient to enable this court to conduct a meaningful review. We hold they are not. We conclude that the findings fail to resolve the issues presented by the evidence at trial and do not support the conclusions reached.

The findings and conclusions entered in this case suggest some confusion about when an award of alimony is appropriate and what findings are necessary to support an award. For purposes of clarification, we will begin our discussion by indicating the factors to be considered and the findings that would be appropriate. In doing so, we do not intend to suggest how the trial court should decide a given issue.

We first examine the role of alimony in a community property state where each spouse, as an equal partner, is entitled to one-half of the marital earnings and gains. One might expect that, since each spouse shares equally, neither should be required to support the other after dissolution of the marriage. However, this attitude has been criticized as unreasonable because there may be a need for spousal support when there is little or no community property to divide. *See* W. de Funiak & M. Vaughn, *Principles of Community Property* § 133, at 329 (2d ed. 1971). The legislature, by making provision for payment of alimony,

*see* NMSA 1978, § 40–4–7(B)(1) (Repl. Pamp.1989), recognized that post-marital support may be justified "as under the circumstances of the case may seem just and proper." It has been left to the courts to interpret under what circumstances alimony is just and proper.

■■ A review of case law suggests that the court should first determine if there is a need for support. *Weaver v. Weaver*, 100 N.M. 165, 667 P.2d 970 (1983); *Brister v. Brister*, 92 N.M. 711, 594 P.2d 1167 (1979). Once need is determined, the court should decide whether the potential recipient has the means to support him- or herself. *Michelson v. Michelson*, 86 N.M. 107, 520 P.2d 263 (1974). The potential recipient's means may include present employment, future employment, or income from property. If consideration of the duration of the marriage, the recipient's age and health, and her employment experience leads to a determination that she will be unable to support herself through employment, *see Lewis v. Lewis*, 106 N.M. 105, 739 P.2d 974 (Ct.App.1987), the court must still consider whether the property wife owns will produce sufficient income to fully or partially satisfy her need. *See Weaver v. Weaver* (error in trial court's failure to consider income generated by wife's inheritance); *Brister v. Brister* (court must consider all support received by wife, regardless of source, before determining alimony); *Michelson v. Michelson* (listing the amount of property owned by the parties as a factor in alimony determination); *Mattox v. Mattox*, 105 N.M. 479, 734 P.2d 259 (Ct.App.1987) (income produced by property may be considered in setting alimony).

■■ Once it has been determined that alimony should be awarded, the court must also consider the ability of the supporting spouse to pay. The total circumstances of the supporting spouse as well as those of the recipient spouse must be considered so as to avoid imposing a hardship on the supporting spouse and to permit the recipient spouse to abdicate his or her responsibility for support and maintenance. *Russell v. Russell*, 101 N.M. 648, 687 P.2d 83 (1984).

■ The fact that a spouse may have taken a paramour is not a factor to consider. Under New Mexico law, alimony is not intended as a penalty and should not be used to punish. *See Brister v. Brister.* With these and other relevant facts, the trial court should determine whether alimony is to be awarded.

We repeat that, even if it be determined that the spouse qualifies for support, the community property and its potential for providing support should be examined and utilized before imposing support obligations on the other spouse. The same preference toward encouraging independence one from the other with respect to employable spouses holds true for the unemployable. Each needs to get on with his or her respective life, free of financial entanglements to the extent such is reasonably possible.

We are not suggesting some award in this case could not be justified if, for example, the trial court chose to distribute most of the income-producing property to husband. *See Ellsworth v. Ellsworth,* 97 N.M. 133, 637 P.2d 564 (1981). The primary question is need. Once that is established, the means of fulfilling the need can be determined.

■ Community property should be divided equally, *id.,* although it need not be divided with mathematical exactitude. *See Bustos v. Gilroy,* 106 N.M. 808, 751 P.2d 188 (Ct.App.1988). Proper apportionment of community property and debts depends on what is fair, considering all of the evidence with reference to the facts and circumstances of each case. *Id.; see Ridgway v. Ridgway,* 94 N.M. 345, 610 P.2d 749 (1980). "[T]here is no requirement that each party receive exactly the same dollar value as long as the community property is equally apportioned by a method of division best suited under the circumstances." *Id.* at 346, 610 P.2d at 750.

■ While the award to one spouse of his or her attorney fees is discretionary, the discretion "must have been exercised with the purpose in mind of insuring the plaintiff an efficient preparation and presentation of her case." *Burnside v. Burn-*

*side,* 85 N.M. 517, 521, 514 P.2d 36, 40 (1973); § 40-4-7(A). Wife requested the trial court to find she was incapable of paying attorney fees for the preparation and presentation of her case. The trial court on remand should consider the relative financial status of the parties and the ability of the parties to employ and pay counsel. *See Berry v. Meadows,* 103 N.M. 761, 713 P.2d 1017 (Ct.App.1986).

We now turn our attention to the trial court's findings of fact and conclusions of law and why they fail to resolve the issues presented by the evidence at trial and do not support the conclusions reached.

SCRA 1986, 1-052(B) requires the trial court, in cases tried without a jury, to render its decision in writing, containing separately stated findings of fact and conclusions of law. In *Mora v. Martinez,* 80 N.M. 88, 451 P.2d 992 (1969), the supreme court remanded where the trial court failed to make proper findings of fact and conclusions of law. There, the trial court, in its final decree, simply stated that the requested findings of fact and conclusions of law of the plaintiffs are adopted as the findings and conclusions of the court. In the case before us, the trial court copied verbatim wife's requested findings of fact and conclusions of law. The trial court added after the conclusions the statement, "All Requested Findings of Fact and Conclusions of law in conflict herewith are hereby denied." This could only refer to husband's requested findings and conclusions.

Wife cites *Coulter v. Stewart,* 97 N.M. 616, 642 P.2d 602 (1982) and *Jesko v. Stauffer Chemical Co.,* 89 N.M. 786, 558 P.2d 55 (Ct.App.1976) to support her position that verbatim adoption of a party's requested findings and conclusions does not necessarily demonstrate an abdication of judicial responsibility in the exercise of independent judgment or require remand. Cases where that rule has been applied vary significantly from the case before us. For example, in *Coulter* the findings made by the trial court were considerably different than those submitted by either side. In *Jesko,* while the trial court adopted thirty-one of the findings requested by the plain-

tiff, it adopted seven of the fourteen requested by one of the defendants and one of ten submitted by the other defendant. On that basis, this court in *Jesko* distinguished *Mora.* We are unable to do so here.

■ We recognize another rule adopted since *Mora* that verbatim adoption of one side's requested findings and conclusions, although not commended, is not reversible error so long as the findings adopted are supported by the record. *See Sisneros v. Garcia,* 94 N.M. 552, 613 P.2d 422 (1980), citing *United Nuclear Corp. v. General Atomic Co.,* 93 N.M. 105, 597 P.2d 290, *cert. denied,* 444 U.S. 911, 100 S.Ct. 222, 62 L.Ed.2d 145 (1979). Undoubtedly, this principle presupposes that findings adopted verbatim sufficiently cover the issues so as to allow meaningful review. This is not so in the instant case.

*Michelson* lists factors to be considered in an alimony determination: needs of the wife, her age, health, and means to support herself, the earning capacity of the husband, the duration of the marriage, and the amount of property owned by the parties. The trial court's findings do not reflect consideration of each of these factors. While the findings describe wife's minimum needs and lack of marketable job skills, they do not reflect any consideration of the substantial income-producing property awarded wife. *See id.* (remanded for appropriate findings due to failure to find extent of community interest in property). Further, the trial court made no finding as to husband's earnings or income. The findings as to what husband gave his paramour over an eighteen-month period are not necessarily an indication of his earning capacity. He could have made gifts from savings rather than income.

In addition to awarding wife $2,400 monthly alimony, the trial court distributed to her not only community property valued $79,273 more than that distributed to husband, but also community property that produces the majority of the income. We note that wife, in her Final Argument (filed in the record), appears to have asked for alimony to be paid from community property awarded to her producing $2,761 a month. Since wife's requested findings, adopted verbatim by the trial court, did not specify a dollar amount for support, only her monthly needs, we are in a quandary as to whether she was actually asking for alimony in addition to the award of the income-producing property. The trial court gave her both, and as a result, the court's alimony award appears inconsistent with its findings as to wife's needs, and its division of the community property appears inconsistent with its alimony award.

Wife attempts to justify this seeming inconsistency in her brief by casting doubt on the reliability of some of the income-producing property she is to receive. However, even if the trial court accepted the estimate of wife's passive income conceded in her brief, wife would still be receiving $2,400 monthly alimony plus $755 passive income, totalling nearly $500 per month more than the court found she needed.

In considering the issues of the unequal distribution of community property and the assessments of attorney fees and costs, we note that the trial court's findings do not consider community assets disposed of by wife during separation. Husband points to evidence showing wife disposed of about $48,000 during this period. Both parties should be required to account for community property disposed of without the other's consent, and the trial court should consider this in its findings.

The lacuna in the findings, coupled with apparent inconsistencies, make it impossible for this court to engage in any meaningful review. The findings fail to resolve all of the issues presented by the evidence and do not support the conclusions reached. *See In re Will of Carson,* 87 N.M. 43, 529 P.2d 269 (1974). Thus, we vacate the judgment and remand for further proceedings consistent with this opinion. Husband shall recover the costs of appeal.

IT IS SO ORDERED.

MINZNER and CHAVEZ, JJ., concur.