This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RENELL CHAVEZ,**

    Petitioner-Appellee,

v.                           **NO. 36,003**

**CARL J. CHAVEZ,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Cheryl H. Johnston, District Judge**

The Filosa Law Firm
Mark A. Filosa
Truth or Consequences, NM

for Appellee

Jay Goodman & Associations Law Firm, P.C.
Vanessa L. DeNiro
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Respondent Carl J. Chavez appeals from the district court's final decree of divorce from Petitioner Renell Chavez and the award of spousal support to Petitioner in the amount of $1,100 per month. [DS 3; 2 RP 401, 418] Respondent argued in his docketing statement the district court erred in determining Petitioner was entitled to spousal support because Petitioner was not entitled to any support, the amount of the spousal support award was excessive, and Respondent was required to pay spousal support for life. [DS 8] This Court issued a notice proposing to affirm. Respondent filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     As an initial matter, we note Respondent attached a number of exhibits to his memorandum in opposition. We point out to counsel for Respondent, "[i]t is improper to attach to a [filing in this Court] documents which are not part of the record on appeal." *See Jemko, Inc. v. Liaghat*, 1987-NMCA-069, ¶ 22, 106 N.M. 50, 738 P.2d 922. We encourage counsel for Respondent to adhere to our rules of procedure in the future to avoid sanctions.

{3}     In our notice of proposed disposition, we noted a district court abuses its discretion when it fails to consider the relevant statutory factors in determining an award of spousal support and listed the factors to be considered. *Weaver v. Weaver*, 1983-NMSC-063, ¶ 5, 100 N.M. 165, 667 P.2d 970; *see* NMSA 1978, § 40-4-7(E)

(1997) (setting forth the factors to be considered in determining an award of spousal support). [CN 2-3] We pointed out that Respondent failed to cite any facts in support of the award and that counsel is responsible for setting out all relevant facts, including those supporting the district court's decision. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that "the docketing statement must state all facts material to the issues" and explaining that "[t]his means that the docketing statement should recite any evidence which supports the [district] court's findings"). [CN 3]

{4} Respondent continues to argue in his memorandum in opposition the district court abused its discretion in awarding Petitioner $1,100 per month because Petitioner is self-sufficient and able to earn a salary of up to $62,000 per year, and the amount of the award is too high based on Respondent's income. [MIO 3] Respondent asserts he is unable to cite facts supporting the award because the district court adopted the special master's report over Respondent's objection and without taking further evidence. [MIO 4-5] We note however, Respondent's own pleading refers to Petitioner's testimony [2 RP 349], and the special master's report refers to the evidence, including documents from both parties, considered in making the recommendations [2 RP 337]. While we are aware the proceedings before the special master were not on the record, Respondent is not prevented from pointing out facts

and evidence presented to the special master and tending to weigh in favor of spousal support, just as he asserts facts in support of his argument Petitioner is not entitled to support.

**{5}** To the extent Respondent argues he is unable to support his argument with facts because he was not afforded due process or an opportunity to present evidence to the district court, we note Rule 1-053.2(H)(1)(b) NMRA, which dictates the procedure applicable to domestic relations hearing officers, states, in pertinent part, "[i]f a party files timely, specific objections to the recommendations [of the hearing officer], the [district] court shall conduct a hearing appropriate and sufficient to resolve the objections. *The hearing shall consist of a review of the record* unless the court determines that additional evidence will aid in the resolution of the objections." (Emphasis added.) In determining the type of hearing to be held on a domestic relations officer's recommendation, this Court has held, "[t]he nature of the hearing and review to be conducted by the district court will depend upon the nature of the objections being considered." *Buffington v. McGorty*, 2004-NMCA-092, ¶ 31, 136 N.M. 226, 96 P.3d 787. Subsection H(1)(b) provides flexibility in the type of hearing conducted by the district court and creates the presumption the hearing will consist of a review of the record rather than a de novo proceeding. *See* Rule 1-053.2(H)(1)(b) (stating in pertinent part that "[t]he *hearing shall consist of a review of the record*

unless the court determines that additional evidence will aid in the resolution of the objections" (emphasis added)). Because it is within the district court's discretion to adopt a special master's recommendations without taking additional evidence, we conclude the district court did not violate Respondent's right to due process and the district court's adoption of the special master's recommendation without an evidentiary hearing does not excuse Respondent's failure to state all of the relevant facts on appeal.

{6}    Respondent argues in his memorandum in opposition he "made great efforts to have the factors considered by the [district] court in his . . . [a]mended [o]bjections to the Special Master's [r]ecommendations[.]" [MIO 5] We note, however, Respondents objections related to the special master's recommendation regarding the spousal support award make the same factual assertions he repeats on appeal: Petitioner has the education, training, and potential to earn over $60,000 a year, but she has refused to work [2 RP 349]; Petitioner does not have any minor children in the home [2 RP 397]; and Petitioner is younger than 55 years old and in good health [2 RP 349, 397]. Aside from reasserting these facts and without including facts supporting an award of spousal support, Respondent does not demonstrate how the special master's spousal support recommendation either failed to account for the factors in Section 40-4-7 or weighed the factors improperly or why the district court's adoption of the spousal

support recommendation was an abuse of discretion. We therefore conclude the district court did not abuse its discretion in awarding Petitioner spousal support of $1,100 monthly.

**{7}** Finally, Respondent argues he is unable to seek modification of spousal support, despite the fact the district court retained jurisdiction to do so, because the support award was not based on any calculation conducted by the district court. [MIO 6] Respondent does not provide any explanation why his view that the support award is erroneous prevents him from seeking modification of the award in the future. We find Respondent's argument is unavailing. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow this Court to evaluate the claim). We therefore conclude the district court's modifiable award of spousal support for an indefinite period does not amount to an abuse of discretion.

**{8}** Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**{9}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

6

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**